PEARSON, Judge.
The appellant is an attorney who represented Laddie Polivka, a former personal representative in the estate of Anna Cerny, deceased. After the resignation of Laddie Polivka and the appointment of a new personal representative, who secured a different attorney, the trial judge assessed against Walter J. Migoski the sum of $357.63 as a penalty for his failure to file a federal estate tax return. This appeal is from that assessment. No brief has been filed by the appellee.[1]
We do not reach the question of whether an estate tax return was required in this case, nor do we determine whether Migoski was negligent in failing to file such a return. It is sufficient to point out that the record reveals an order on petition for instructions which contains a specific provision that the assets, later held to be a portion of the estate for tax purposes, were to be specifically excluded from the probate of the estate. We find no provision of the probate act which allows for a charge against the attorney for a personal representative in circumstances such as above recited. We, therefore, reverse upon authority of Holland v. McGill, 107 Fla. 444, 145 So. 210 (1932).
Reversed and remanded with directions to strike the provision in the order of June 23, 1976, requiring Walter J. Migoski, as attorney, to pay “any penalty and interest charged by the Internal Revenue Service.”
Reversed and remanded.

. See Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736 (1897). See also In Re Krugle’s Estate, 134 So.2d 860 (Fla.2d DCA 1961).